JERRY D. WOODS V. STATE OF NEBRASKA, EX REL.
JAMES C. MCNERNEY.

FILED APRIL 4, 1895.   No. 7320.

1. **Elections:** ARRANGEMENT OF PARTY NAMES.   Some discre-
tion is conferred upon the officer charged with the preparation
of the official ballot, such as the arrangement thereon of party
names and in other respects not inconsistent with the spirit and
purpose of the law, and the exercise of such discretion will not
be controlled by the court.

2. **Mandamus:** AUSTRALIAN BALLOTS: PARTY NAMES: COUNTY CLERKS. Certain candidates for state offices were, according to the certificate of the secretary of state, nominated by the people's independent party and also by the democratic party. The respondent, as clerk of L. county, in preparing the ballot allotted to each candidate, together with the above party names, one line, thus:

"For Lieutenant Governor.

"James N. Gaffin, of Colon. Democrat—People's Independent."

Subsequently, the district court allowed a peremptory writ of *mandamus* commanding the respondent to so prepare the ballot that the names of all candidates who had received more than one nomination would be followed by the names of the parties or principles represented by them on parallel lines preceded by a brace, thus:

"For Lieutenant Governor,

"James N. Gaffin, of Colon,     $\left\{\begin{array}{l}\text{People's Independent.}\\\text{Democrat."}\end{array}\right.$

*Held*, Error, since discretion in the arrangement of the ballot is conferred upon the county clerk, and in the absence of abuse thereof the courts are not authorized to interfere.

ERROR from the district court of Lancaster county. Tried below before HALL and TIBBETS, JJ.

*A. J. Sawyer* and *A. W. Field*, for plaintiff in error.

*William Leese, contra.*

POST, J.

This cause was submitted by agreement at the last term and a judgment reversing the order of the district court then announced. The facts established by the evidence are all shown by the written stipulation of the parties, and are, so far as essential to an understanding of the question presented, as follows: The plaintiff in error, as clerk of Lancaster county, had prepared and caused to be printed the sample and official ballots for use by the electors of said county at the general election for the year 1894. Said ballots contained the names of all candidates for the several state offices certified to the plaintiff in error as county

clerk by the secretary of state, and were, it is conceded, in all respects conformable to law except as hereafter mentioned. Certain candidates for state offices, including the offices of governor, lieutenant governor, attorney general, and superintendent of public instruction, were, according to the certificate of the secretary of state, the nominees of two parties, to-wit, the people's independent party and the democratic party. In the preparation of the said ballots, the plaintiff in error allotted one line thereon to the name of each candidate, together with the party designations to which he was entitled, thus:

| For Lieutenant Governor. | Vote for one· |
|---|---|
| Belle G. Bigelow, of Lincoln. | Prohibition \| |
| Rodney D. Dunphy, of Seward. | Straight Democrat \| |
| James N. Gaffin, of Colon. | Democrat and People's Independent \| |
| Robert E. Moore, of Lincoln. | Republican. \| |

The defendant in error, who is the chairman of the people's independent party for Lancaster county, being dissatisfied with the form of the ballot, applied to the district court of said county for a writ of *mandamus* requiring the plaintiff in error, who was made the respondent therein, to cause the names of all candidates who had received more than one nomination to be followed by a brace with the names of the parties or principles represented by them on parallel lines to the right thereof. On a final hearing the district court made the following among other findings:

"We find and hold that the only legal way to prepare and print the ballots in such a case is to place a brace after the name of the candidate, and to place the names of the parties or principles represented by such candidate to the right of the brace, one above another, within the space allowed the name of the candidate on the ballot, thus:

For Lieutenant Governor.    Vote for ONE.

James N. Gaffin, of Colon.    { People's Independent.
                                   { Democrat.

And we find and hold the method adopted by respondent to be an error in the printing of the sample and official ballots."

Judgment having been entered in accordance with the views expressed in the finding above set out, the cause was removed into this court for review upon the petition in error of the respondent.

It is not claimed that the ballot act contains any provision pertaining to the printing of the ballots aside from that found in section 14, which is, so far as material in this connection, as follows: "Every ballot shall contain the name of every candidate whose nomination for any office specified in the ballot has been certified or filed according to the provisions of this act, and no other names. The names of candidates for each office shall be arranged under the designation of the office in alphabetical order according to surnames, except that the names of electors of president and vice president of the United States presented in one certificate shall be arranged in a separate group. Every ballot shall. also contain the name of the party or principle which the condidates represent as contained in the certificates of nomination," etc. (Compiled Statutes, ch. 26, sec. 139.) It would seem that some discretion is of necessity conferred upon the several officers charged with the duty of printing and distributing the ballots, such as the arrangement thereon of party names and in other respects not inconsistent with the spirit and purpose of the act. We recently held in *State v. Allen*, 43 Neb., 651, that the act under consideration contemplated that the name of each candidate should appear once only on the official and sample ballots, accompanied by such political or other designations as correspond to his nomination papers on file with the proper officer. The reason upon which that conclusion rests is that the tendency of repeating the names of candidates on the ballot, accompanied by different political designations, without disclosing their identity or indicating that they represent two or more parties, is to deceive the ignorant and uninformed,—a result so radically at variance with the expressed purpose of the act as to

32

leave no doubt of the intention of the legislature.    But the arrangement of party names is manifestly non-essential and within the discretion of the officer charged with the duty of preparing the ballot, provided each candidate be given the political or other designations to which he is entitled; and the discretion thus conferred cannot be regulated or controlled by the judicial power of the state.    It follows, therefore, that in awarding the writ of *mandamus* the district court erred, for which the judgment is reversed.

We must not from what has been said be understood as intimating that the form of ballot prescribed by the district court is in any way objectionable to the statute.    On the contrary, had the respondent decided to print the party names on parallel lines preceded by a brace in accordance with the request of the relator, his action would have been a substantial compliance with the provisions of the statute. What we decide is that the discretion in this instance has been conferred upon the county clerk and not upon the district court.

REVERSED.